UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN CANNON,

        Plaintiff(s),

                            Case No. 16-CV-10257

vs.

                            HON. GEORGE CARAM STEEH

SPEEDWAY LLC,

        Defendant(s).
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DOC. 11]

Plaintiff, Mary Ann Cannon, filed her complaint in this premises liability action in Wayne County Circuit Court on November 11, 2015. Cannon was represented by counsel. Defendant timely removed the case to this court on January 26, 2016. Plaintiff's counsel participated in discovery, and filed a response to defendant's motion for summary judgment on December 5, 2016. On December 28, 2016, after the dispositive motion was fully briefed, plaintiff's counsel filed a motion to withdraw as counsel. The court held a hearing on the motion to withdraw on January 10, 2017, and entered an order granting the motion and staying

the case for 30 days for plaintiff to retain new counsel. The order provided that in the event a new attorney does not file an appearance in that time, plaintiff shall be deemed to be proceeding pro se and the court will rule on the summary judgment motion without oral argument. [Doc. 18]

In the eight months since plaintiff's counsel withdrew, no new counsel has filed an appearance on her behalf. On July 20, 2017, the court issued an order in which it informed plaintiff it would not continue the stay on the pending motion for summary judgment. [Doc. 23] Because plaintiff was represented by counsel in the drafting of her complaint, throughout discovery and during the briefing of her response to the summary judgment motion, she will not be prejudiced by the court making a determination on defendant's motion without entertaining oral argument.

This is a premises liability action in which plaintiff allegedly tripped and fell while entering defendant Speedway LLC ("Speedway") convenience store. Plaintiff alleges that she slipped on a mat near the entrance and fell into a sales rack causing her to lose consciousness and suffer injuries. However, plaintiff's nephew Robert Crane and sister Jill Crane have given testimony that contradicts plaintiff's allegations. Now before the court is defendant Speedway's motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff cannot establish that Speedway owed her a duty as an invitee to the premises. Furthermore, she cannot establish that any hazard existed or was not open and obvious. For the reasons given below, the court GRANTS Speedway's motion for summary judgment.

I.      **Factual Background**

On July 21, 2013, plaintiff Mary Ann Cannon was traveling home to Kentwood, Michigan from Cedar Point Amusement Park in Sandusky, Ohio. Plaintiff was accompanied by, amongst others, her ten year-old grandson, her adult nephew Robert Crane, and her sister Jill Crane. At some point during the drive, plaintiff stopped at the nearest gas station off of the highway in order to use the restroom. Plaintiff alleges that she was injured when she stopped at the Speedway located at 300 Six Mile Road, Whitmore Lake, Michigan ("Whitmore Lake Speedway").

Plaintiff, Robert Crane, and Jill Crane each offer differing accounts of the events of July 21, 2013. These facts are grouped by subject matter as follows: the location of the Speedway, the physical characteristics of the Speedway, and the events of the accident.

### A. Location of Speedway

Plaintiff testified that she does not recall which highway she was on, or which exit she took to arrive at the Speedway gas station. Furthermore, plaintiff stated that it took about one hour or less to drive from the Whitmore Lake Speedway to her home in Kentwood, MI. Defendant has provided GPS data that shows the travel time and distance between the Whitmore Lake Speedway and plaintiff's house is one hour and forty minutes and 119 miles. (Google Maps, Doc 11-4).

Robert Crane testified that he also does not remember which highway he and plaintiff traveled on, which exit they took, or the specific Speedway station where the accident took place. (R. Crane Dep. at 14).

At some point after the incident, plaintiff testified she determined the location of the Speedway when her ten-year-old grandson guided her to the Whitmore Lake Speedway. (Cannon Dep. at 72). However, plaintiff also testified that at the time of the incident, her grandson was asleep. (*Id.* at 33).

**B. Physical Characteristics of Speedway**

Plaintiff testified that the parking lot was comprised partly of dirt and that a lot of land was cleared off in preparation for building. Plaintiff recalled two sets of doors at the front entrance of the Speedway; specifically including an automatic door. When plaintiff returned to the Whitmore Lake Speedway with her grandson, she identified a mirror in the bathroom that she contends looked the same as the mirror she used on the date of the accident. (Cannon Dep. at 74).

Robert Crane also stated that the parking lot of the gas station was made up of both dirt and concrete. (R. Crane Dep. at 26). Crane recalls entering through one set of doors, with another set of doors to the left, the cash register to the right, and gas pumps behind him. (*Id.* at 23).

Defendant provides satellite imaging from June, 2011 which shows that the Whitmore Lake Speedway parking lot was paved. See www.maps.google.com and (Google Maps, Doc 12-4). This evidence contradicts the description of the location of the accident provided by plaintiff and Robert Crane.

### C. Events of the accident

Plaintiff testified that she slipped on a mat immediately upon entering the store. (Cannon Dep. at 30). Plaintiff also claims that the mat became wet after she fell on top of it. (*Id.* at 31). Plaintiff was then asked:

Q: If you would have looked down as you walked in the store you would have seen the mat, correct?

A: Yeah

(*Id.* at 32).

Robert Crane testified that his aunt tripped on a divot in between a metal grating and the raised floor. (R. Crane Dep. at 15). Crane describes an inlaid grate used to collect snow that was raised to fit a mat. Crane stated that no mat was present. *Id.*

By way of a sworn declaration, Jill Crane testified that she examined where the ma[t] met the tile, and that there was a distinguishable lip where the tile was higher than the mat. (J. Crane Aff. at ¶10). Jill stated that it was impossible to notice the lip due to its angle, the color, and the lighting. (*Id* at ¶11).

Patricia Ecker was working at the Whitmore Lake Speedway on the date of the accident. (Ecker Decl. at ¶ 2). She testified that she was not

aware of any accident that matched the description of plaintiff's accident. (*Id* at ¶3). Furthermore, Ecker stated that there is a permanent inlaid Waterhog mat in front of the front doors, and an inlaid mat in front of the side door. (*Id* at ¶4).

## II. Analysis

### A. Standard of Law

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)

(emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ont., Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### B. Plaintiff cannot establish that she was an invitee when the testimonies in her favor are merely conjecture.

Plaintiff cannot hold defendant liable for any defect on their premises because she cannot prove that she was an invitee injured at the alleged location. Without a factual basis that an accident occurred at the Whitmore Lake Speedway, plaintiff cannot conclude that she was an invitee and thus owed a duty by the named defendant. As a result, plaintiff cannot survive

summary judgment when her allegations create no genuine issue of material fact to be decided at trial. *First Nat'l Bank*, 391 U.S. at 270.

In the present matter, plaintiff is unable to establish that the accident actually took place at the Whitmore Lake Speedway.  Both plaintiff and Robert Crane admitted that they do not recall the location of the Speedway where accident took place, which highway they were on, or which exit they took in route to the Speedway. Furthermore, plaintiff alleges that she identified the Whitmore Lake Speedway when her ten-year old grandson navigated her to the location. However, plaintiff testified that her grandson was asleep during the accident. Once she arrived at the Whitmore Lake Speedway, plaintiff remembered the gas station solely because a mirror in the bathroom was similar to the mirror she saw on the day of the accident.

It is impossible for plaintiff to establish that she was an invitee at the Whitmore Lake Speedway when she cannot allege consistent facts allowing a rational fact finder to conclude that she actually visited that location. Without such evidence, there is no question of material fact to send to a jury, and summary judgment is proper. *First Nat'l Bank,* 391 U.S. 253.

Robert Crane, Jill Crane, and plaintiff herself offer conflicting accounts of the details regarding the location of the accident and the cause of the accident that allegedly took place on July 21, 2013. Specifically, their testimony regarding the material of the Whitmore Lake Speedway parking lot, the physical features of the store, and the existence of a mat or grate that caused the accident are inconsistent, and are contradicted by satellite imaging from the date of the incident as well as the testimony of Patricia Ecker.

In order to survive summary judgment, a plaintiff cannot rely on conjecture or conclusory accusations. *Arendale v. City of Memphis*, 519 F.3d 587 (6th Cir. 2008) (internal citations omitted). The non-moving party must be able to show specific probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* at 605. Yet plaintiff's allegations, when compared with the allegations of Robert Crane and Jill Crane, are factually inconsistent. Plaintiff cannot plead the basic facts of her case, such as the location of the alleged incident and the details of the defendant's alleged negligence, with confidence or consistency.

Here, plaintiff's recollection of her fall and Robert Crane's testimony of the accident glaringly contradict one another. Plaintiff testified that she <u>slipped on a saturated mat</u> (Cannon dep. at 30-32), and Crane testified that she <u>tripped on a divot between a metal grate and the raised floor</u>. (Crane dep. at 15). While either scenario seems consistent with a known condition (gas station entry-ways typically contain raised or inlaid mats), they are not deducible as a reasonable inference. Aside from the statements made by plaintiff and her witnesses, there is no legitimate physical evidence to support either scenario.

In *West v. Wayne County*, 672 Fed. App'x 535 (6th Cir. 2016), the Court of Appeals for the Sixth Circuit held that circumstantial evidence can be used to establish causation, but "the circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Id.* at 542 (citing *Shaw v. City of Ecorse*, 283 Mich. App. 1, 15 (2009) (quoting *Skinner v. Square D Co.*, 445 Mich. 153, 164 (1994) ("an 'explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference' furnishes us with nothing more than speculation")).

The combined evidence can point to one theory of general causation that a reasonable jury could infer: plaintiff fell and injured herself. At the

narrowest construction, this accident could be inferred to have taken place at a gas station. Beyond that there is no evidence for a fact finder to determine the cause of the fall or where it occurred. There is no local or corporate Speedway incident report, and in her sworn declaration, Patricia Ecker, who was working at the Whitmore Lake Speedway on the day of the alleged accident, stated that she does not recall the incident.

Therefore, as in *West*, the circumstantial proofs provided in this case do not support a reasonable inference of causation and must be deemed speculation. Plaintiff's and her witness's testimony cannot be used to conclude that plaintiff was an invitee at the Whitmore Lake Speedway premises. In her pleadings, plaintiff merely relies on conjecture and speculation, rendering summary judgment in favor of defendant appropriate. *See Arendale*, 519 F.3d at 605.

### C. Plaintiff cannot establish premises liability when a danger is open and obvious.

Even if there was enough evidence to establish an issue of fact that the alleged accident took place at the Whitmore Lake Speedway, plaintiff cannot establish premises liability where the alleged danger is open and obvious. A landowner owes an invitee a duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a

dangerous condition on the owner's property. *Wimberly v. Forman Mills, Inc.*, 574 Fed. App'x 621 (6th Cir. 2014) (internal citations omitted). However, a landowner does not owe a duty to protect an invitee from an "open and obvious" danger. *Id.* A danger is open and obvious if it is "reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* (quoting *Lugo v. Ameritech Corp.*, 464 Mich. 512 (2001)).

Defendant correctly contends that it owed no duty to protect plaintiff because any perceived hazard or danger was "open and obvious". In plaintiff's scenario, it is reasonable to hold a person of ordinary intelligence to expect a gas station to employ a mat at the entrance, whether it is an ordinary or inlaid one. Plaintiff admitted at her deposition that had she looked down as she walked into the store, she would have seen the mat. (Cannon dep. at 31). This testimony, coupled with the common knowledge that a mat is oftentimes placed in a doorway, allows the court to conclude that the mat was open and obvious.

In Robert Crane's scenario, it is reasonable to hold plaintiff to the expectation of realizing a mat is *missing* from a metal grate, causing a lip to be created. Plaintiff would have the fact finder conclude that neither she nor

her nephew noticed a missing mat, one that could measure up to several square feet. Again, without any foundation of physical evidence, this court simply cannot rely on the conjectures that plaintiff provides. A missing mat from an inlaid grate is open and obvious. Therefore, following *Wimberly*, defendant owes plaintiff no duty to warn of any alleged hazard that is open and obvious.

Furthermore, plaintiff cannot establish that Speedway had any actual or constructive notice of any hazard or danger in its store. She has not offered any facts to argue that Speedway knew, or should have known, that a hazard was present. Furthermore, the statements of plaintiff, Robert Crane, Jill Crane, and Patricia Ecker, create multiple possibilities as to the alleged hazard. This court cannot hold that Speedway had constructive notice of a hazard or danger when no factual basis of any single hazard exists.

Where any perceived danger is found to be open and obvious, as it is here, plaintiff cannot maintain a cause of action for premises liability.

### III. Conclusion

Because plaintiff has not presented any consistent evidence that her accident occurred at the Whitmore Lake Speedway, that Speedway owed

her a duty, or that a hazard was not open and obvious, she has not raised any issue of material fact to submit to a jury. After sifting through all of plaintiff's contradictory evidence, there is insufficient evidence to allow a jury to find in her favor. For these matters, the court GRANTS defendant's motion for summary judgment.

Dated: September 14, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2017, by electronic and/or ordinary mail and also on Mary Ann Cannon, 770 Coleman, Grand Rapids, MI 49508.

s/Barbara Radke
Deputy Clerk